ROBERT S. ORTOLEVA *et ux. vs.* ELIZABETH DI JESER *et al.*

APRIL 23, 1937.

PRESENT: Moss, Baker, and Condon, JJ.

Moss, J. The main case, above entitled, in which the special matter now before this court arose, is a suit in equity, brought in the superior court for the appointment of receivers of certain properties which at the time of the death of Sebastian H. Di Jeser, intestate, belonged to him and the complainant Robert S. Ortoleva as partners in the business of dealing in real estate. The respondent Elizabeth Di Jeser is the widow of the former and the administratrix of his estate, and the other respondents are his children, who are minors. Insolvency seems not to have been any ground for the jurisdiction of the court over the suit, the object of which was to facilitate sales of the partnership properties by having receivers appointed who could make such sales and convey good title.

Ortoleva and another were appointed such receivers and among the partnership properties of which they took control was an undivided five-twelfths interest in a lot of land with a building on it at the northwest corner of North Main street and Market square in the city of Providence, which was and is still subject to a mortgage held by the present petitioner, Walter G. Everett, and covering the lot and building and securing the promissory note of the owners. By the decree appointing the receivers, all holders of mortgages on properties of the partnership were enjoined from foreclosing their respective mortgages.

The above-named petitioner later filed in the suit a petition for leave to intervene and to foreclose his mortgage, which is in the usual form of mortgage in this state, with a power of sale by the mortgagee upon default, after the giving of certain required notice. It then secured the payment of a promissory note for an unpaid principal sum of $46,000, then long overdue, with overdue interest of $5,263.69.

The receivers and the parties in the original case opposed the petition and there was a hearing thereon in the superior

court, in which much testimony was introduced as to the fair value of the property subject to the petitioner's mortgage, and as to the greatly depressed state of the market for real estate, due to the general business depression, and as to the probability of there being no competitive bidding at any foreclosure sale that might be held.

After the hearing, a decision was entered in the superior court, in which it was found that the evidence was "overwhelming" that the fair market value of the property was less than the aggregate amount due, for principal and interest, on the mortgage and to the city for overdue taxes amounting to about $4,000; that the depressed state of business in general and the market for real estate in particular was no equitable ground for preventing the foreclosure of the mortgage; and that therefore the petitioner was entitled to foreclose. An order was entered accordingly, giving the petitioner leave to foreclose. The matter is now before us on two appeals taken from this order, one by the receivers and the other by Robert S. Ortoleva and Elizabeth Di Jeser, individually and as administratrix. The latter appeal was also joined in by the widow, and executrix of the will, of Francesco Caito, one of the mortgagors.

The two claims of appeal set forth eight reasons, but they all raise only two really substantial questions: (1) Whether the superior court was in error in finding that the equity of redemption in the mortgaged property was of no value, and (2) whether the proven state of severe depression in the real estate market, due to the national economic depression, required that the petition for leave to sell the mortgaged property by foreclosure sale be denied.

As to the former question we are convinced that the finding of the superior court was well supported by the evidence. As to the latter question we are of the opinion that, although the evidence showed that the market for real estate was in an extremely depressed condition at the time of the hearing in the superior court and that it was very doubtful whether there would be any competitive bidding

at a foreclosure sale to be held in the near future, still the situation was not such as to make it the duty of the superior court, in the exercise of its general equity jurisdiction, to continue longer to enjoin the foreclosure of this mortgage.

In this connection two features of the case should be kept in mind in the discussion of this question. One is that the case is not one of receivership proceedings because of the insolvency of a corporation, where the rights of creditors are the main consideration and the court, in deciding whether to permit foreclosure of a mortgage on corporate property, is called upon to decide between the respective rights of secured and unsecured creditors and where the matter of a deficiency judgment is of no consequence otherwise. Here the issue is simply one between the respective rights of a mortgagee and the mortgagor and the matter of a deficiency judgment may be important. By reason of these differences and others the opinion of this court in *In re S. H. Greene & Sons Corp.*, 131 A. 547, relied on by the petitioner, does not seem to us of special importance in the matter now before us. This also applies to many of the other cases cited for the petitioners.

The other feature is that at the time of the entry of the order now before us a foreclosure of the mortgage had already been enjoined for practically four years, during which the indebtedness secured by the mortgage had greatly and constantly increased, by reason of the unpaid interest, and there had been a very considerable accumulation of unpaid taxes on the mortgaged property. This constant increase in the indebtedness had continued even after the mortgagee had been given the benefit of all rentals from the property. During all this period of the pendency of the injunction the general economic depression and the depression in the real estate market were serious.

By the greatly preponderating weight of authority it has been held that even when and where such conditions were as severe as they were shown to be by the evidence in the instant case a mortgage foreclosure should not be enjoined.

Typical cases are *Bolich* v. *Prudential Ins. Co. of America,* 202 N. C. 789, 164 S. E. 335; *Kotler* v. *John Hancock Mutual Life Ins. Co.,* 113 N. J. Eq. 544, 168 A 36.

In the former of these two cases the supreme court sustained the action of the lower court in denying the plaintiffs' prayer to enjoin the foreclosure of a power of sale mortgage from them to the defendant. The prayer was based on allegations that there was a general depression in finance and real estate and business generally; that on account of poor market conditions it was impossible to obtain the fair market value of land at a forced sale; and that a delay would do no harm to the defendant, for the reason that the loan was more than adequately secured. The supreme court held that the grounds alleged were not sufficient to call into exercise the injunctive powers of the court and said, at page 792: "Perhaps no court is wise enough to declare with absolute finality that no economic or financial stringency or distress would warrant the intervention of equitable principles in restraining the power of sale in instruments securing debts, but certainly the mere allegations of general depression before the property has been sold and an unconscionable purchase price established, has not heretofore been deemed adequate to invoke equitable power."

The appellants contend before us that the petition should have been denied because the testimony made it very probable that there would be no competitive bidding at any foreclosure sale. As to this probability the justice before whom the petition was heard could judge from the testimony better than we can, and even if it was very great, it is our opinion that this would not require him to prevent the holding of any sale.

If a sale were held, there might be real competitive bidding; and if there was not such bidding and the property therefore was sold for an extremely low price, these events might be proper for the consideration of a court of equity in a suit to enjoin the completion of the sale. But in our

opinion the probability of their occurrence is not a sufficient ground for the prevention of the holding of *any* sale. Much less is it a sufficient ground that it is very likely that the property will be sold for a very inadequate price, though, again, an extreme inadequacy has in some cases been held to be a ground for setting aside the sale.

Practically every one of the cases relied on by the appellants on this point is a case where a sale had already taken place under court proceedings for foreclosure and the question before the court was whether or not the sale should be confirmed. There the court had before it all the relevant facts and could judge whether the particular sale, as actually made, was so inequitable that it ought not to be confirmed. If there was no competitive bidding and the mortgagor, for financial or other reasons, was unable to protect himself, and therefore the property was bought in by the mortgagee for an unconscionably low price and there would be a deficiency judgment against the mortgagor for a large amount, the court might refuse to confirm the sale.

But when the question is whether any sale at all shall be permitted, the duty of the court is radically different. We can imagine an extreme case where it might well be the duty of a court of equity to enjoin a foreclosure sale for a short time. For instance, shortly before the time set for a sale, flood conditions might be so bad that it would be practically impossible for any prospective competitive bidders to attend the sale at that time; and in such a situation it might well be the duty of a court, in proper proceedings, to require that it be postponed until the floods subside.

But the situation shown by the evidence in the matter now before us is very different from that in the imagined case; and we know of no case in which a court, unless authorized by statute to do so, has enjoined a contemplated foreclosure sale, because of proof of facts like those proved in this matter. On the other hand the petitioner has cited to us numerous cases in which the evidence for the mortgagors has been quite as strong, and yet the courts have

permitted sales to be made. In our judgment these cases set forth the correct rule.

We are of the opinion that the other contentions made by the appellants are without merit and require no discussion by us. The appellants have already, by their appeals, secured a considerable period of delay, during which general economic conditions have improved; and the petitioner's right to foreclose should not be further postponed.

The appeals are denied and dismissed, the order appealed from is affirmed, and the matter now before us is remanded to the superior court for further proceedings.

*Gurney Edwards, Edward T. Richards, Henry B. Gardner, Jr., Edwards & Angell,* for petitioner.

*Knauer & Fowler, Luigi De Pasquale, Philip S. Knauer, Jr.,* for receivers and mortgagors.